

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**


Janet B. Walton,
Complainant,

v.

Tom J. Vilsack,
Secretary,
Department of Agriculture,
Agency.

Appeal No. 0120093181

Agency No. GIPSA-2007-00336

Hearing No. 461-2008-00018X

### DECISION

Pursuant to 29 C.F.R. § 1614.405, the Commission accepts complainant's appeal from the agency's July 9, 2009 final order concerning an equal employment opportunity (EEO) complaint claiming employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*

On April 2, 2007, complainant filed the instant formal EEO complaint. Therein, complainant claimed that the agency discriminated against her on the bases of race (African-American), sex (female), and age (over 40) when:

> on January 17, 2007, she learned that she was not selected for the Agricultural Commodity Grader, Area Manager position, GS-1980-12, advertised under Vacancy Announcement Number 6GR-2007-0007.

Following the investigation into her formal complaint, complainant requested a hearing before an EEOC Administrative Judge (AJ). On June 2, 2009, the AJ issued a decision by summary judgment in favor of the agency. On July 9, 2009, the agency fully implemented the AJ's decision in its final order.

The AJ found that complainant did not establish a *prima facie* case of age discrimination because she failed to identify similarly situated individuals outside of her protected group who were treated more favorably under similar circumstances (one selectee was older than complainant

while the other selectee was younger by only three years).   However, the AJ found that
complainant established a *prima facie* case of race and sex discrimination because the selectees
were outside of complainant's protected groups.   The agency nonetheless found that
management articulated legitimate, nondiscriminatory reasons for its actions which complainant
failed to show were a pretext for discrimination.

The AJ noted that eleven candidates, including complainant, were considered qualified for the
position of Agriculture Commodity Grader, Area Manager and were referred to the selecting
official (SO) for consideration.   The AJ noted that the SO stated that he implemented a panel
of three agency officials to interview the candidates and recommend the top five candidates to
him for consideration.   SO stated that he used the following four categories: "honesty,
trustworthiness, good worker, and respectful with their peers and co-workers.   Honesty meant
being able to perform their duties with integrity.   Trustworthiness means able to perform their
duties with minimal supervision and provide support to upper management.   Good worker
means that they are able to work well with others.   Respectful means that they have a good
working relationship with their peers and subordinates.   I had worked with all of these
individuals and looked at these categories based on my experiences with them."

SO stated that he chose two selectees for the subject positions.   SO stated that he selected one
of the two selectees (S1) because he never had any problems with him and "he is very open
and honest about things.   [S1] rated a perfect five on trustworthiness, good worker, and
respectful based on my work experience with him."   SO stated that the other selectee (S2) was
rated the same as S1.   SO further stated "the reason I put [S2] number one is that he had
attended training and schooling.   The training was only to be used as an edge when a
tiebreaker was necessary.   [S2] rated a perfect five on trustworthiness, good worker, and
respectful based on my work experience with him."   SO stated that although complainant was
"very close" to S1 and S2 in the final ratings, he did not select her.   Specifically, SO stated
that based on his experience with complainant, "I have observed that she has not reached the
same level in her ability to work well with others as it compares to the abilities demonstrated
by [S1] and [S2]."   Moreover, SO stated that complainant's race, sex and age were not factors
in his determination to select S1 and S2 for the subject positions.

One of the three panelists (P1) stated that after the panel interviewed the candidates, including
complainant, they sent a list of the top five candidates to SO for consideration.   P1 stated "I
know that we sent forward [S1] and [S2] as the top two candidates.   I remember [complainant]
and [named candidate] were very close in how they were ranked.   [S1] and [S2] were more
upfront, did not stumble with the questions, and gave quick responses that covered all the areas
we were asking.   They also gave good examples of work experience that applied to the
questions, and that is what made them stand out."

The Commission's regulations allow an AJ to issue a decision without a hearing when he or she
finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). This regulation is
patterned after the summary judgment procedure set forth in Rule 56 of the Federal Rules of

Civil Procedure. The U.S. Supreme Court has held that summary judgment is appropriate where a court determines that, given the substantive legal and evidentiary standards that apply to the case, there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, a court's function is not to weigh the evidence but rather to determine whether there are genuine issues for trial. *Id.* at 249. The evidence of the non-moving party must be believed at the summary judgment stage and all justifiable inferences must be drawn in the non-moving party's favor. *Id.* at 255. An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986); *Oliver v. Digital Equip. Corp.*, 846 F.2D 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. If a case can only be resolved by weighing conflicting evidence, summary judgment is not appropriate. In the context of an administrative proceeding, an AJ may properly consider summary judgment only upon a determination that the record has been adequately developed for summary disposition.

Complainant has offered no persuasive arguments on appeal regarding the AJ's decision to issue a decision without a hearing, or regarding the AJ's findings on the merits. Therefore, after a review of the record in its entirety, including consideration of all statements submitted on appeal, it is the decision of the Equal Employment Opportunity Commission to **AFFIRM** the agency's final order, because the Administrative Judge's issuance of a decision without a hearing was appropriate and a preponderance of the record evidence does not establish that unlawful discrimination occurred.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M1208)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013. In the

4                                    0120093181

absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period.  *See* 29 C.F.R. § 1614.604.  The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request.  Any supporting documentation must be submitted with your request for reconsideration.  The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances.  *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0408)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1008)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c).  **The grant or denial of the request is within the sole discretion of the Court.**  Filing a request for an attorney with the Court does not extend your time in which to file a civil action.  Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

NOV 1 2 2009
_____
Date

5                                         0120093181

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed**.  I certify that this decision was mailed to the following recipients on the date below:

Janet B. Walton
76053 Solberg Rd.
Kentwood, LA  70444

Michael Watts, Acting Director
Office of Adjudication and Compliance, MS 9410
Department of Agriculture
14th & Independence Ave., SW
Washington, DC  20250-9406

NOV 1 2 2009
_____
Date


_____
Equal Opportunity Assistant